CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 2 0 2005

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| GUILLERMO RUIZ, ) | |
| Plaintiff, ) | Miscellaneous Case 7:05-mc- 00021 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| STATE OF FLORIDA, et al., ) | By: Hon. James C. Turk |
| Defendant(s). ) | Senior United States District Judge |

Plaintiff Ruiz, a federal inmate proceeding pro se, submitted two motions to this court in June and July 2004, which were recently found during an office move. The court will file these motions as one miscellaneous case, which must be dismissed without prejudice for lack of jurisdiction.

I.

On June 14, 2004, the court received Ruiz's first pleading, entitled "Petition for an Order of Show Cause." Ruiz, who is housed at the United States Penitentiary in Lee County, Virginia, sought an order directing prison officials to transfer him to a prison nearer to Miami, Florida, as recommended by the court that sentenced him for his federal offenses. Ruiz has two grown daughters who lived in the Miami area at the time of his motions. The attachments to Ruiz's pleadings indicate that in 1999, prison officials did not believe facilities in southern Florida provided a high enough degree of security for Ruiz, who is serving a 312 month sentence for possession of a firearm silencer. A 2003 memo notes that transfer to a facility near family is contingent upon the inmate's adjustment to prison life and indicates that Ruiz did not warrant a transfer at that time because of his disciplinary record within the previous three months.

Ruiz asked this court to order officials to transfer him in June 2004 because one of his two

1

daughters living in Miami was on trial for the murder of her 3-year-old daughter. Ruiz wanted to be able to testify on his daughter's behalf at her trial. On July 16, 2004, Ruiz filed a second motion requesting "Order of Show Cause." In this pleading, he complained that prison officials had opposed a state court writ of *habeas corpus ad testificandum* under which Ruiz would have been transported to Florida to testify in court on July 9, 2004. The only form of relief Ruiz seeks in his current motions is an order directing prison officials to show cause why he should not be transferred to a prison facility in Florida.

II.

Clearly, Ruiz's immediate reason for seeking a transfer to a prison facility in Florida is moot, as the date of the trial is long since past. Accordingly, the court cannot grant any form of injunctive relief on that basis as requested.

Ruiz also argues that prison officials should transfer him to Florida because his daughters live there and because the sentencing court recommended that he be housed there. This court has no jurisdiction to order that a federal prisoner be transferred to a particular prison. Federal law clearly gives BOP officials the discretion to determine appropriate housing for inmates assigned to its care. See 18 U.S.C. §3621(b) (giving BOP authority to house inmate in any appropriate prison, regardless of location). This provision does not give any district court oversight of this BOP function. In any event, the exhibits Ruiz submits clearly indicate that officials have not been arbitrary in denying him a transfer, as they have cited logical reasons that such action has not been warranted in his case. Thus, Ruiz fails to demonstrate that he has any statutory ground for the relief he seeks.

Finally, Ruiz cannot prove that prison officials have violated his constitutional rights in refusing to transfer him to Florida. Inmates have no constitutional right to be housed in any

particular prison or jail. Meachum v. Fano, 427 U.S. 215 (1976).

In conclusion, the court finds no ground upon which this court could issue an order regarding prison officials' failure to transfer Ruiz to a federal prison facility in Florida. The court will file the motions as a miscellaneous case and dismiss them without prejudice for lack of jurisdiction.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 19th day of April, 2005.

/s/ James C. Turk
Senior United States District Judge